SANFORD PARKE  SBN 214834
2390 E. Orangewood Ave.
Suite 440
Anaheim, CA 92806
714.750.5900

Attorney for Plaintiff,
Attorneys for David Doherty
and Erin Doherty

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| David Doherty and Erin Doherty,<br><br>Plaintiff,<br><br>vs.<br><br>Nationstar Mortgage, LLC, Bank of America, N.A., Recontrus Company. and Does 1-50, inclusive<br><br>Defendants. | CASE NO.: 8:14-00653-JVS-(Manx)<br>*Assigned for all purposes to*<br>*Hon. Josephine L. Staton, Ctrm. 10A*<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS FED.R.CIV.P. 12(B)(6)MOTION TO DISMISS.**<br><br>**13 July 2014**<br>**Time: 2:30 PM**<br>**Dept: 10A**<br>**OCSC 30-2014-00711760-CU-OR-CJC**<br>**Removal: 24 April 2014**<br>**Complaint Filed:2 March 2014** |

TO THE COURT, TO DEFENDANTS, OTHER PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on 13 June 2014, at 2:30 p.m in Department 10A of the above-named court, located at 411 West Fourth Street, Santa Ana, California, Plaintiff's, David Doherty and Erin Doherty, (hereinafter referred to as "Plaintiffs), will and hereby opposes Defendants BANK OF AMERICA (hereinafter referred to as "BANA") Motion for Dismissal Pursuant to Fed.R.Civ.P. 12(b)(6) as this court does not have the Jurisdiction pursuant to28 USC 1332/28 USC 1441/28 USC 1446 as there is no Federal Subject Jurisdiction and/or 28 USC 133, Federal Question present. Further, the Plaintiff requests that upon denial of this motion move this Court for an order providing that the instant action be remanded back to state court and that the Clerk of the Court send a certified copy of the order to the clerk of the state court where the action was originally filed.

Dated: 21 May 2014                                    By: /s/ Sanford Parke_____
                                                                            Sanford Parke, Attorney for Plaintiffs

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

# TABLES OF CONTENTS

I.      INTRODUCTION & STATEMENT OF FACTS ...............................................................1

II.    STANDARD...................................................................................................................2

    1.   The Standard for Ruling on a Demurrer is Liberal Construction ......................................2

    2.   Defendants Bear A Heavy Burden On A General Demurrer .............................................3

III. MEMORANDUM OF POINTS AND AUTHORITIES ......................................................4

    1.   The Complaint States Facts Sufficient to Constitute a Cause of Action. ............................4

    2.   Undisputed Facts.....................................................................................................5

    3.   The Loan Modification Application was in Review while the Defendant continued to
with Dual Track with the Foreclosure Process ...........................................................5

    a.    Plaintiffs should get a Loan Modification if Qualified or Communication from
Defendant Under the Loan Modification Agreement as to why Plaintiffs does not qualify. ....5

    4.   Plaintiffs have properly plead a cause of action for Statutory Violation of California Code
of Civil Procedure 2923.6.........................................................................................6

    5.   Plaintiff Has Sufficiently Stated Facts For A Violation Of California Business And
Professions Code §17200..........................................................................................7

        A.  California Business And Professions Code §17200 .................................................8

        B.  Dual Tracking And B&P§17200 .......................................................................9

        C.  §17200 Unfair Prong....................................................................................9

        D.  §17200 Fraudulent Prong..............................................................................10

        E.  Standing ...................................................................................................10

        F.  Actual Economic Injury...............................................................................11

    6.   Defendants Actions are Violations of California's Rosenthal Act
Cal. Civ. Code §1788.17...........................................................................................12

    7.   Negligence ...........................................................................................................15

    8.   Dismissal Under Fed. R. Civ. P. 9(B) Would Be Improper Because Any Deficiency In
Doherty's ' Pleading Can Be Cured By Amendment .....................................................20

CONCLUSION ...................................................................................................................21

i

**FEDERAL CASES**

Adams v. Gould Inc., 739 F.2d 858, 867-68 (3d Cir.1984) ...................................... 20

American Realty Trust, Inc. v. Travelers Causality Co. of America362 F.Supp.2d 744(2005) .. 2

Ansanelli v. JP Morgan Chase Bank, N.A. (N.D.Cal.,2011), No. C 10-03892 WHA) ............. 16

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) ........................................... 3

Bartlett v. Frederick County, Maryland, 246 Fed. Appx. 201, 203, (4lh Cir. 2007) ................ 20

Becker v. WELLS and NDEX Bank, N.A., Inc. (E.D.Cal),(2012, No. 2:10-cv-02799............. 16

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ..................................... 3,4

Birdsong v. Apple, Inc., 590 F.3d 959-60 (9th Cir. 2009) ....................................... 11

Blakely v. Wells, 209 Fed. Appx. 18, 20-21,WL 3770840 at •2 (2nd Cir. 2006)...................... 20

Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ......................... 3

Corvello v. CITI Fargo Bank, N.A., 728 F.3d 878 (9th Cir. 2013) ........................... 13

Crilley v. Bank of America,N.A. (D. Hawaii, Apr. 26, 2012, No. 12-00081 ........................... 16

Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) ............................4

Esquivel v. Bank of Am., N.A., 2013 WL 5781679 (E.D. Cal. Oct. 25, 2013 ........................13

Garcia v. Ocwen Loan Servicing, LLC (N.D.Cal., May 10,2010, No. C 10-0290 PVT) .......... 16

Gonzales v. Arrow Financial Services, LLC, 233 F.R.D. 577, 581 (S.D.Cal. 2006) ............... 14

Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19
(9th Cir.) 1989).............................................................................4

Herrera v. LCS Fin. Servs. Corp., No. 09-02843, 2009 WL 5062192, *2......................14
n.1 (N.D. Cal. Dec. 22, 2009)

Hirsch v. Columbia University, 293 F.Supp 2d 372 ..................................... 21

In re Pomona Valley Med. Group, (9th Cir. 2007) 476 F.3d 665, 674 ..........................8

Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008 ..........................14

Saunders v. Superior Court (1994) 27 Cal. App. 4th 832,838-839 .............................9

Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009)..........................4

Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) .............................4

Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ......................................4

Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)........................2

Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).................................3

Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) ......................................3

Nichols v. Deutsche Bank Nat. Trust Co., 2007 WL 4181111 (S.D. Cal. Nov. 21, 2007)........ 11

Ottolini v. Bank of America (N.D.Cal.,2011, No. C-11-0477 EMC) ........................... 18

Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 (9th Cir. 2001) ..........................3

Padavan v. United States, 82 F.3d 23, 26 (2nd Cir. 1996) ..................................3

Papasan v. Allain,478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ..........................3

Reyes v. Wells Fargo Bank, N.A.,No. 10-01667, 2011 WL 30759 (N.D. Cal. Jan. 3, 2011) ... 14

Settle v. World Sav. Bank, F.S.B., No. 11-00800, 2012 WL 1026103 (C.D. Cal. 2012).......... 14

Sipe v. Countrywide Bank, 690 F. Supp. 2d 1141, 1151 (E.D.Cal. 2010) ............................. 14

Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9thCir. 2010)................3

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2nd Cir. 1992)..........................................................2

Tuman v. Genesis Associates, 935 F.Supp. 1375, 1391(E.D.Pa.1996) ........................................5

Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002)..........................4

Walters v. Fidelity Mortg. of CA (E.D. Cal. 2010) 730 F.Supp.2d 1185................................14

Wrobel v. S.L. Pope & Associates, 2007 WL 2345036, at *1 (S.D. Cal. June 15, 2007).........11

Yau v. Deutsche Bank Nat. Trust Co. Americas, 525 F. App 606(9th Cir. 2013....................18

**CALIFORNIA STATE CASES**

Cal-TechCommn's, Inc. v. Los Angeles Cellular Telephone Co., (1999).....................................8

Das v. Bank of Am., N.A., 186 Cal. App. 4th 727(2010)............................................................15

Farmers Insurance Exchange v. Superior Court (1992) 2 Cal.4th 377, 383 ..............................9

Hall v. Time Inc., 158 Cal. App. 4th 847, 855-56 (2008)............................................................1

Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 520-23 (2013)....................11

Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872 (2013) ................................................8

Lueras v. BAC Home Loan Servicing, LP, 221 Cal. App. 4th 49, 83 (2013) .........................11

Nymark v. Heart Fed. Savings & Loan Ass"n, 231 Cal. App. 3d 1089(1991).........................15

Mary Pickford Co. v. Bayly Bros., Inc., 12 Cal.2d 501(1939) ...................................................2

Melton v.Boustred, 183 Cal.App. 4th 521(2010) .....................................................................16

Ortega v. Kmart Corp., 26 Cal.4th 1200, 1205, 114 Cal. Rptr. 2d 470 (2001) ........................15

Parsons v. Crown Disposal Co. (1997) 15 Cal.4th 456, 472 .....................................................16

People v. E.W.A.P., Inc. (1980) 106 Cal.App.3d 315, 319 .........................................................8

Podolsky v. First Healthcare Corp., (1996) 50 Cal. App. 4th 632, 647......................................9

Puentes v. Wells Fargo Home Mortg., Inc., (2008) 160 Cal.App. 4th 638, 643-644 .................9

Saunders v. Superior Court (1994) 27 Cal. App. 4th 832,838-839 ..............................................8

Thomas v. Stenberg, 206 Cal.App.4th 654, 662 (2012) ............................................................16

Vasquez v. Residential Invs., Inc., 118Cal. App. 4th 269, 278 (2004)......................................15

Washington Mutual Bank v. Superior Court (1999) 75 Cal. App. 4th 773 .................................9

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

STATUTES

California Code Civ. Procedure §430.10-430-.5 ............................................................4

California Code of Civil Procedure §425.10 ...............................................................4

California Code Civ. Procedure §1698 ...............................................................10,11

California Code Civ. Procedure §2923.5 ...............................................................8,10

California Code Civ. Procedure §2923.6 ...........................................................2,6,7,21

California Code Civ. Procedure §2924 ..................................................................7

California Civil Code §1614 ..............................................................................6

Business and Professions Code §17200.............................................................3,9-11

Business and Professions Code §17200................................................................. 10

Fed. R. Civ. P. Rule 12(b)(6) .......................................................................2,3,21,22

Fed. R. Civ. P. Rule 8(a)(2) ................................................................................3

Fed. R. Civ. P. Rule 9(b).................................................................................21

Fed. R. Civ. P. 15(a)(2) ....................................................................................3

 12 C.F.R.1024 .............................................................................................7

TREATISES

5 Witkin, Summary of Cal. Law, supra, Torts, § 726, pp. 825-826.) ..........................12

Restatement (Second) of Contracts, § 90(1) (1981) ...............................................16

Witkin, Summary of California Procedure (2d Ed.) Pleading, §800, p. 2413. ..............3

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

## I.   INTRODUCTION & STATEMENT OF FACTS

1.   On or about 06 January 2004, Plaintiffs purchased real property, a single family residence, located at 205 North California Street, Orange, California, 92866, Assessors Parcel Number: 386-102-25 (hereafter referred to as "PROPERTY").

2.   The Plaintiffs signed a Note and Deed of Trust for $432,000 for this property.  The original lender was Countrywide Home Loans, Inc.  Nationstar now services the Note and Deed.

3.   In June of 2012, Plaintiff fell behind on their first mortgage that was being serviced by BANK OF AMERICA due to medical issues and as a result a decrease in household income.

4.   On 21 November 2012, RECON recorded a Notice of Default (NOD) on Plaintiffs' PROPERTY. (A true and correct copy is attached as Exhibit 'A').  In February of 2013, RECON recorded a Notice of Trustee's Sale (NTS) on Plaintiffs' PROPERTY. (A true and correct copy is attached as Exhibit 'B')

The loan modification application resulted in a denial based on a negative net present value test (NPV).  The denial allows for any of the NPV values to be appealed if found by Plaintiffs to be in error. (A true and correct copy is attached as Exhibit 'C')

6.   On or about October 25 2013, Plaintiffs' retained the law office of Sanford Parke.

7.   In October 2013 Plaintiffs' counsel's office spoke with Bank of America employee Pagan Delaigle who stated that all communications must be through Joseph V. Quattrocchi, Esq. at the law firm of McGuireWoods.

Plaintiffs' counsel spoke with Mr. Quattrocchi multiple times on the issue of the loan modification and the appeal. He stated that he would forward the appeal to his client BANK OF AMERICA and would be the point of conttact.  Mr. Quattrocchi specifically stated all communication to BANK OF AMERICA must go through his office at McGuireWoods.

8.   On 18 November 2013, Joseph V. Quattrocchi, Esq. from McGuireWoods informed Plaintiffs' counsel's office that he would no longer be employed at McGuireWoods, and any

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

communication with regard to Plaintiffs should be directed to Lila Al-Marhoon at McGuireWoods.

9.   On 20 November 2013, Plaintiffs' counsel's office submitted a formal appeal of the NPV.  Plaintiffs appealed inputs #5, #19, #20, and #21.  (A true and correct copy is attached as Exhibit 'D')

10. On 01 December 2013 servicing of Plaintiffs' loan was transferred from BANK OF AMERICA to NATIONSTAR (A true and correct copy is attached as Exhibit 'E').

11. During December 2013 through the date of the filing of the Plaintiffs filing of the operative complaint, there have been over a dozen telephone calls and emails to their counsel and staff at McGuireWoods by Plaintiffs office.

Defendants are required to allow for appeals of NPV input results under §2923.6 when there is a denial.  Plaintiffs assert that Defendants have violated California Homeowner Bill Of Rights (HBOR) protection, by not completing the review of the appeal.

12. Over one hundred (180) days have passed since the NPV appeal was submitted to BANK OF AMERICA's counsel.  The greater number of days past due will adversely affect the outcome of a NPV test.  The likelihood of passing an NPV test decreases with every day that passes.

13. Defendants, each one and all, should be stopped from proceeding with foreclosure as the Defendants have refused to review the NPV appeal. In addition, the Defendants should be stopped from making inaccurate and illegal credit reporting to the credit reporting agencies.

14. Plaintiffs will suffer irreparable harm and damage with the loss of their primary residence.

## II.     Legal Standard
### 1.     The Standard for Ruling on a Demurrer is Liberal Construction

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the allegation of the complaint must be accepted as true and all reasonable inferences inferred in favor of the Plaintiff and the maintenance of his claims. *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2nd Cir. 1992).

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

– 2 –

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Although a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Rather, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

### 2.    Defendants Bear A Heavy Burden On A General Demurrer.

In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. Legal conclusions, in contrast, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555). Should a court dismiss certain claims, it must also decide whether to grant leave to amend. "The motion must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Id.; Padavan v. United States*, 82 F.3d 23, 26 (2nd Cir. 1996)("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

(9th Cir. 2001)). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)). In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the Complaint.  See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). In the instant matter, the complaint is detailed with the general dates, the parties, the subject matter, and the results of the interactions. Further, the Complaint is with attached exhibits that supplement and expand the well plead complaint thereby the Defendant is clearly on notice of the various grounds for relief.

### III.    MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    The Complaint States Facts Sufficient to Constitute a Cause of Action.

Defendant's  12b6 motion should be overruled since there are triable issues of act that are present in the pleadings and the Defendant has violated on or more state provisions and provisions contained in the Loan Modification application in which all parties agreed to participate. The Complaint is sufficiently well plead to satisfy the requirements of Code of Civil Procedure §430.10. Furthermore, the requirements of Code of Civil Procedure §430.50 has also been properly addressed by the Complaint as each cause of action is properly plead with sufficient detail and supporting laws and statues.  The complaint does not contain any conclusory allegations of law and unwarranted inferences that are insufficient to defeat a motion to dismiss for failure to state a claim. See Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555. A complaint only requires a short and plain statement of facts showing that the pleader is entitled to relief.  Fed.R.Civ.P.8(a). Under this rule a Plaintiff does not have to plead the precise defamatory statements, nor must he specifically name the

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

– 4 –

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

person who made the statements. So long as the count provides sufficient notice to defendants, it states a claim. Tuman v. Genesis Associates, 935 F.Supp. 1375, 1391(E.D.Pa.1996).

## 2. UNDISPUTED FACTS

The Defendant has not disputed that a loan modification application was submitted in July 2013. The Defendant has not disputed that a loan modification application appeal has been filed in a timely manner nor do they dispute the contents of the appeal. The Defendant does not dispute that Bank of America issued a letter acknowledging that the appeal was received in November. Bank of America has not disputed that they sent an acknowledgement letter that the loan modification application was in underwriting. Bank of America has not disputed that CC 2923.5 applies and does not dispute that Bank of America participates in HAMP or in house loan modifications. Furthermore, the defendants do not dispute that the greater number of days past due can adversely affect the outcome of a NPV test. Since the defendants have refused to accept payments from Plaintiffs, the likelihood of passing an NPV test decreases with every day that passes. Lastly, defendants have not disputed that the appeal submitted in November 2013 has not been denied, responded, addressed, or the NPV has been corrected.

## 3. __The Loan Modification Application was in Review while the Defendant continued with the Foreclosure Process thus the Defendant was "Dual Tracking"__

a. __Plaintiffs should get a Loan Modification if Qualified or Communication from Defendant Under the Loan Modification Agreement as to why Plaintiffs does not qualify.__

Defendant argues that Plaintiff is not entitled to a loan modification because no agreement was in place at the time of transfer of servicing and that a lender is not required to offer one. Yet, Defendant is Obligated to abide by the terms of the Agreement and to communicate according to State law. This Defendants claim is without merit. The Defendant was in an active loan modification program when the transfer occurred yet neither party claims the responsibility to provide a respond to the acknowledged appeal to the application results. To

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

claim no duties by either of the Defendants and yet to claim duties of the Plaintiff is the definition of an illusory contract. In this instance, both parties have written, defined duties which the Defendants now claims not their problem. "A written instrument is presumptive evidence of a consideration." (C.C. 1614.) Therefore, it is not necessary to plead the existence of consideration to support the contract.

### 4.   PLAINTIFF HAS ALLEGED SUFFICIENT FACTS FOR A §2923.6 CLAIM

Defendant's violation under this code section is twofold.   First, Defendants continued their foreclosure activity after being notified of Plaintiff's material change in  financial circumstances, therefore, engaging in dual  tracking; and Second, Defendant's failed to make a determination whether  Plaintiff's qualifies for a foreclosure alternative after acceptance of Plaintiffs' first lien loan modification application which was deemed complete in July 2013.

There is no dispute that Plaintiff's has experienced a material change in their financial circumstances.  Now, pursuant to the Homeowner's Bill of Rights, specifically *Civil Code* §2923.6, Bank of America is compelled to review Plaintiff's modification application and cease to continue all foreclosure activity. As stated Plaintiff's first communicated their change in financial circumstances to Bank of America by telephone in November 2012.   Following this oral notice, Plaintiff submitted an application to Bank of America. The application that was submitted was one specified by a Defendant Bank of America employee. The application was full and complete with no correspondence or notice of deficiency.

Hence, the application was complete after January 1, 2013 and Civ. Code §§ 2923.6 (c), (g) and (h) are applicable.  Bank of America must now review Plaintiff for a foreclosure alternative, and may not continue foreclosure activity on the Subject Property until they have exhausted an appeal of their written denial, as set forth in *Civil Code* §2923.6(c). Bank of America has been in possession of Plaintiff's complete loan modification application, documents supporting Plaintiff's material change in finances since July 2013 and has not considered Plaintiff for a foreclosure alternative. The intent of the California legislators in enacting *Civil Code* §2923.6

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

– 6 –

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

was to address the consequences of the subprime mortgage crisis leading to declining real property values and historic levels of foreclosure. As a result of the above-described violations, the foreclosure action must stop, until Defendant has complied with *Civil Code* §2923.6 which does not require an offer of tender.

Plaintiff's financial packet, substantiating the change in income began review in July 2013. Accordingly, pursuant to Civil Code §2923.6, under the California Homeowner's Bill of Rights, Defendant Bank of America is obligated to actually evaluate Plaintiff for any and all foreclosure prevention alternatives, including a loan modification, based on this material change in their financial circumstances. Since the appeal has been pending for over 180 days, there cannot be an actual evaluation being conducted. The Defendant argues that since there is no decision and no current trustee sale date, there cannot be a violation of CCP 2923.6. The defendant actions are specifically why the legislative enacted CFPB mortgage servicing rules, where the servicer is required to notify borrower of the result of the appeal within 30 days. 12 C.F.R. part 1024 Supplement I, Comment 41(h)(3) − 1.

The Defendant by doing nothing is essentially ensuring that the NPV results, even using the proper inputs will result in a negative result if sufficient time elapses. Here, an example is the present real estate market increases. If the Defendant waits long enough, the market values will increase, which it is, and the plaintiff will not be eligible for a loan modification.

The foreclosure activity alleged in complaint is also a violation of California *Business and Professions Code* §17200 as "unlawful" and "unfair" business practices. Pursuant to the provisions of *Civil Code* §2924g(c)(1)(A), a foreclosure sale may properly be postponed by order of the Court.

### 5. PLAINTIFF HAS SUFFICIENTLY STATED FACTS FOR A VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200.

To bring a UCL claim under the "unfair" prong, borrowers may identify a practice that violates legislatively stated public policy, even if that activity is not technically prohibited by statute. Here, borrowers based their UCL claim on the "unfair" practice of dual tracking, relying

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

on Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872 (2013) ("[W]hile dual tracking may not have been forbidden by statute at the time, the new legislation and its legislative history may still contribute to its being considered 'unfair' for purposes of the UCL.")

Plaintiff has pleaded specific facts in support of this cause of action and clearly suffered injury in fact, spiraling delinquent interest and inflated fees, costs and expenses related to protecting themselves, fees and costs, including, without limitation, attorneys' fees and costs and higher cost of obtaining credit due to the deterioration of their credit scores.

Plaintiff's UCL claim is premised on "fraudulent" and, "unfair" business practices because of Defendant's "Dual Tracking" of Plaintiff's loan modification process, fraudulent" fees and charges assessed onto the loan balance, filing a false declaration of compliance, and "unlawful" business practices due to the violations of HBOR, Civil Code §§2923.55, 2924, and 2923.6.

### A. CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200

*Cal. Bus. & Prof. Code* §17200 proscribes "any unlawful, unfair or fraudulent business act of practice[.]" Any such act serves the basis for a claim of unfair competition. *Cal-Tech Commn's, Inc. v. Los Angeles Cellular Telephone Co.*, (1999) 20 Cal.4th 163, 180; *In re Pomona Valley Med. Group*, (9th Cir. 2007) 476 F.3d 665, 674. Plaintiffs' UCL cause of action is premised on fraudulent, unfair and unlawful business practices. Virtually any law or regulation- federal or state, statutory or common law- can serve as predicate for a §17200 violation. The unlawful practices prohibited by the statute are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made. *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832,838-39. Defendant's failure to comply with §§2923.55 and 2923.6 is unlawful.

Thus, if a business practice violates any law it also violates §17200 and may be redressed under that section. *People v. E.W.A.P., Inc.* (1980) 106 Cal.App.3d 315, 319. Furthermore, the California Supreme Court has stated that §17200 "borrows" violations of other laws and treats

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

them as unlawful practices independently actionable under §17200. *Farmers Insurance Exchange v. Superior Court* (1992) 2 Cal.4th 377, 383. Under Business and Professions Code §17200, any unlawful business act constitutes unfair competition, and a private cause of action can be based on the unlawful act even if the predicate law does not provide for a private cause of action. *Washington Mutual Bank v. Superior Court* (1999) 75 Cal. App. 4th 773.

### B.    DUAL TRACKING AND B&P §17200

Dual tracking is precisely what Bank of America performed and unless stopped will lead to the inevitable foreclosure of the Plaintiff's residence.  Plaintiffs' UCL cause of action is premised on unfair and unlawful business practices. Virtually any law of regulation, federal or state, statutory or common law, can serve as a predicate for a §17200 violations. Business & Professions Code §17200 does not proscribe specific activities, but broadly prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. Cal. Bus. & Prof. Code *§17200.*  Because §17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa." See *Puentes v. Wells Fargo Home Mortg., Inc.,* (2008) 160 Cal. App. 4th 638, 643-644. Plaintiff has standing to assert this claim. See Saunders.

### C.    §17200 UNFAIR PRONG

A practice is unfair if the court determines that the impact of the practice or act on its alleged victim outweighs the reasons, justifications, and motives of the alleged wrongdoer. *Podolsky v. First Healthcare Corp.,* (1996) 50 Cal. App. 4th 632, 647.

Defendant accepted Plaintiff's modification application, and acknowledged receipt of the loan modification application. However due to its own ineffective administration and/or intentional misconduct, Plaintiff's application was never properly reviewed and considered, with no determination as to whether the was ever made as to whether a foreclosure alternative, such as

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

– 9 –

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

a loan modification would be available to Plaintiff. Defendant did not stop the foreclosure process and is actively proceeding with foreclosure process what will lead to immediate and irreparable harm.  Here the harm clearly outweighs any justification the Defendant has to cause irreparable harm to the plaintiff. The Defendant has an absolute and irrefutable requirement and the failure to perform these tasks will result in immediate and irreparable harm.

### D.    §17200 FRAUDULENT PRONG

The term "fraudulent" as used in §17200 does not refer to the common law tort of fraud but only requires a showing that members of the public are likely to be deceived. See *Puentes*. "Unless the challenged conduct 'targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer.'" *Puentes,* Supra at 645. Here, Defendant's conduct not only deceives the general public but targets a vulnerable group of consumers who are at risk of losing their home. .   Also, the Defendant is a signatory to the agreement with Comptroller of the Currency, and prohibited from dual tracking, providing a violation of §17200 unfair and unlawful. Here, Defendant did not file or submit a declaration of compliance that an evaluation and meeting took place at least 30 day prior to the signing of the CCP §2923.5 declaration in November 2012. The CCP §2923.5 compliance declaration simple states that they were in compliance, but other mandatory requirements such as reaching out to the borrower within specific time frame or sending an acknowledgment with five days upon receipt of the loan modification application as required under HBOR has somehow been ignored.

Here, there was no contact claimed, no denial alleged, and the Defendant intentionally proceeded with the foreclosure process.

### E.    STANDING

Standing to bring a UCL claim requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code §17204. To have standing under the UCL, a plaintiff must sufficiently allege that (1) she has lost "money or

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Birdsong v. Apple, Inc.*, 590 F.3d 959-60 (9th Cir. 2009); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855-56 (2008). Defendants have continued to cause Plaintiff apprehension of losing her home through the threat of foreclosure and if the foreclosure is completed, the Plaintiff will suffer actual irreparable harm for sum under $75,000.

## F.   ACTUAL ECONOMIC INJURY

"The imminent foreclosure of Plaintiff's residence presents a threat of irreparable harm." *Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111, at *3 (S.D. Cal. Nov. 21, 2007) "Losing one's home through foreclosure is an irreparable injury" *See, e.g., Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036, at *1 (S.D. Cal. June 15, 2007). Furthermore, the Court in *Nichols v. Deutsche Bank Nat. Trust Co.* 2007 WL 4181111, at *3, held that **"the imminent foreclosure of Plaintiff's residence presents a threat of irreparable harm."** Similarly, in *Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036, at *1, the Court found that **"losing one's home through foreclosure is an irreparable injury."**

Defendant fails to recognize the high calling of efficiently and effectively handling the borrowers' files while knowing that this is someone's family home and sanctuary. Moreover, Plaintiff has in fact and continues to suffer injury in fact and loss of money and property as a result of Defendants' violations, including but not limited to legal fees, loss of property, higher cost of credit due to the deterioration of credit scores.  See Lueras v. BAC Home Loan Servicing, LP, 221 Cal. App. 4th 49, 83 (2013) (Foreclosure sale constituted economic injury; Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 520-23 (2013) (finding a "diminishment of a future property interest" sufficient economic injury).

Here, Defendant acted "fraudulently", "unfairly" and "unlawfully" because Bank of America did not halt foreclosure activity after Plaintiff submitted a complete first lien loan modification application evidencing a material change in financial circumstances.

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

- 11 -

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

In the matter before this court, the Plaintiff filed their loan modification package on 23 July 2013. The Defendant Bank of America denied the application. On 20 November 2013, the plaintiff informed Bank of America of the errors in the NPV calculations. It was 120 days from the application to the date of the appeal and over 180 days since the submission. While Bank of America has stated that the serving was transferred to Nationstar on or about 01 December 2013, the mere denial of the loan modification, regardless of the NPV results, brought the foreclosure one step closer. The appeal process is the last step prior to the foreclosure sale.

The Defendant states in their motion, page 3, lines 10-16, that a new Notice of Default is required per CCP 2923.6 before the foreclosure can progress. This representation is not accurate nor is this contention support by statute or case law. This also applies to the Notice of Trustee Sale. It has never been rescinded and thus is while not operative, still provides a basis for setting a Trustee Sale Date.  The defendant is not overtly dual tracking but the use on numerous invalid and erroneous NPV inputs clearly move the plaintiffs closer to foreclosure. The failure to respond in any fashion to the Plaintiffs appeal with supporting documentation, over 180 days of silence clearing indicates the Defendants lack of good faith to comply with 2923.6 and the spirit of the law. Lastly, per the CFPB mortgage servicing rules, the servicer is required to notify borrower of the result of the appeal within 30 days. 12 C.F.R. part 1024 Supplement I, Comment 41(h)(3) – 1.

### 6.    Defendants Actions are Violations of California's Rosenthal Act
### Cal. Civ. Code §1788.17

The Rosenthal Fair Debt Collection Act ("Rosenthal Act") was enacted in part to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code §1788.1(b). The Dohertys assert that Bank of America violated the Rosenthal Act by making "false, deceptive, and misleading representations" in an "attempt to collect a debt" during telephone conversations and letters demanding "arrears are due," by "misrepresenting the legal status of the debt" and claiming that their loan application

– 12 –

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

modification did preclude them from pursuing the debts. Further, the Plaintiffs informed the debt collection agents that the application submitted was part of litigation settlement. (Complaint ¶ 4,5,10,11.) Defendants contend that the Dohertys fail to state a claim under California's Rosenthal Act, Cal. Civ. Code §1788.17 because (1) Defendants are not "debt collectors" under the Act, (2) the statute does not apply to home mortgage loans(3) and,, Bank of America is no longer the servicer. (Defendants Motion. at 6-7.)

First, under the Rosenthal Act, a "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code §1788.2(c). "Debt collection" means "any act or practice in connection with the collection of consumer debts." *Id*. at §1788.2(b). The term "consumer debts" is defined as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." *Id*. at §1788.2(f). In *Corvello v. CITI Fargo Bank, N.A.*, 728 F.3d 878 (9th Cir. 2013) the Ninth Circuit held that such a holding would "convert a purported agreement setting forth clear obligations into a decision left to the unfettered discretion of the loan servicer. 728 F.3d at 883" Further, the court held a bank is "engaged in debt collection" under the Rosenthal Act because a "[i]s more than an informational circulation." *Corvello*, 728 F.3d at 885.

The Ninth Circuit again addressed the issue of Bank of America as a "Debt Collector" in Esquivel v. Bank of Am., N.A., 2013 WL 5781679 (E.D. Cal. Oct. 25, 2013).  Here, the Ninth Circuit agreed that servicer's non-foreclosure activity such as demanding pre-loan modification mortgage payments, or reporting a default to credit reporting agencies, or reporting foreclosure activities qualified as "debt collection," and "mortgage" activities constitutes "debt collection" under the RFDCPA

Second, the Ninth Circuit did not question the application of the Rosenthal Act to a bank's activities in regard to a loan modification. Although the court did not explain its

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

– 13 –

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

reasoning, the definition of "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA"), Rosenthal's federal counterpart is narrower than that under the Rosenthal Act because it excludes creditors collecting on their own debts an exclusion that does not appear in the Rosenthal Act. *See Herrera v. LCS Fin. Servs. Corp.*, No. 09-02843, 2009 WL 5062192, *2 n.1 (N.D. Cal. Dec. 22, 2009) ("The federal definition excludes creditors collecting on their own debts, 15 U.S.C. §1692a(6), an exclusion that does not appear in the state statute, Cal. Civ.Code §1788.2(c)."); *Izenberg v. ETS Servs.*, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (the Rosenthal Act is broader than the FDCPA). Thus, courts have reasoned that a "mortgage servicer may be a 'debt collector' under the Rosenthal Act." *See, e.g.*, *Reyes v. Wells Fargo Bank, N.A.*, No. 10-01667, 2011 WL 30759 (N.D. Cal. Jan. 3, 2011); *see also Corvello*, 728 F.3d at 885.

In further support of Plaintiffs position, there additional  federal authority defining "debt collectors" under the Federal Fair Debt Collection Practices Act that a mortgage servicer to be a "debt collector" under the Rosenthal Act. (See *Reyes v. BOA Fargo Bank, N.A.* (N.D. Cal., Jan. 3, 2011) 2011 WL 30759; *Walters v. Fidelity Mortg. of CA* (E.D. Cal. 2010) 730 F.Supp.2d 1185 where the Plaintiffs' claim arose "out of debt collection activities beyond the scope of the ordinary foreclosure process" such that a remedy was available under the RFDCPA. "). *See* Cal. Civ. Code § 1788.17; *Gonzales v. Arrow Financial Services, LLC*, 233 F.R.D. 577, 581 (S.D. Cal. 2006).

Defendant's reliance on *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1151 (E.D. Cal. 2010), is misplaced. *Sipe* cites several cases holding that "foreclosing on a deed of trust does not invoke the statutory protections of [the Rosenthal Act]." *Id.* at 1151 (citations omitted).

The Dohertys do not allege that the foreclosure violated the Rosenthal Act, but rather that Bank of America's and Nationstar acts surrounding debt collection, specifically their misleading representations in relation to the loan modification, application violated the Act.

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

– 14 –

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Defendants motion on page 6 and foot note 3, causally states that the "Plaintiffs' impatience cannot give rise to civil liability." It is this demeanor that represents the situation before the court. Here, the loan modification was submitted on or about 23 July 2013 with the appeal submitted on or about 20 November 2013. That is 120 elapsed days for a review that was defective. During this time, Bank of America continued to report to the credit agencies erroneous and false information. The defendant continued to attempt to collect funds from the plaintiffs. Each telephone call and letter is specifically stated that this is from a debt collector and all information collected will be used for this purpose. Furthermore, it has been over 180 days since the appeal was submitted directly to defendant Bank of America counsel, and neither defendants have any further information as to the status, results or even acknowledgment that an appeal is still pending. Rather, the Defendant's continue to collect on the original notice and continue to report to the credit reporting agencies.  It has be 300 days since the application has been submitted.

### 7.      Negligence

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation, and damages."   Conroy, 45 Cal. 4th at 1250 (citing Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205, 114 Cal. Rptr. 2d 470  (2001)).  The existence of a legal duty to use reasonable care in a particular factual situation is a question of law.  Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278, 12 Cal. Rptr. 3d 846 (2004).  Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Das v. Bank of Am., N.A., 186 Cal. App. 4th 727, 740, 112 Cal.  Rptr. 3d 439, 450 (2010), rehearing denied (July 19, 2010), rev. denied (Oct. 13, 2010); Nymark v.  Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (1991).  A financial institution does owe a duty of care to a borrower, however, when it exceeds its scope as a "mere lender of money."   Nymark, 231 Cal. App. 3d at 1096.  "[N]umerous cases have characterized a loan modification as a traditional money lending activity."  Settle v. World Sav.  Bank, F.S.B., No. 11-00800, 2012 WL 1026103

— 15 —

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
8:14-cv-00653-JVS-(Manx)

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

1 (C.D. Cal. Jan. 11, 2012).(Thomas v. Stenberg (2012) 206 Cal.App.4th 654, 662.), Melton v.

2 Boustred, 183 Cal.App. 4th 521(2010);( Jolley, 213 Cal. App. 4th at 905);   See Restatement

3 (Second) Of Torts, §323, at 135.

4    Some Courts have concluded a lender might owe a borrower a duty of care in

5 negotiating or processing an application for a loan modification. (See Ansanelli v. JP Morgan

6 Chase Bank, N.A. (N.D.Cal., Mar. 28, 2011, No. C 10-03892 WHA) 2011 U.S.Dist. Lexis

7 32350, pp. *21-*22 [allegation that lender offered plaintiffs a loan modification and

8 "engage[d] with them concerning the trial period plan" was sufficient to create duty of care];

9 Becker v. WELLS and NDEX Bank, N.A., Inc. (E.D.Cal., Nov. 30, 2012, No. 2:10-cv-02799

10 LKK KJN PS) 2012 U.S.Dist. Lexis 170729, pp. *34-*35 [complaint stated claim against

11 lender for negligence during the loan modification process]; Crilley v. Bank of America,

12 N.A. (D. Hawaii, Apr. 26, 2012, No. 12-00081 LEK-BMK) 2012 U.S.Dist. Lexis 58469, p.

13 *29 [denying motion to dismiss because plaintiffs "have pled sufficient facts to support a

14 finding that Defendant went beyond its conventional role as a loan servicer by soliciting

15 Plaintiffs to apply for a loan modification and by engaging with them for several months"

16 regarding the modification]; Garcia v. Ocwen Loan Servicing, LLC (N.D.Cal., May 10,

17 2010, No. C 10-0290 PVT) 2010 U.S.Dist. Lexis 45375, pp. *7-*11 [plaintiff's allegations of

18 lender's conduct in handling application for loan modification pleaded a duty of care].)

20    The courts have now evolved from the concept that a lender/servicer has no duty to the

21 position that "One who voluntarily undertakes to do so is under a duty to exercise due care in the

22 performance and will be liable if (1) the failure to exercise due care increases the risk of harm to

23 the other, or (2) harm is suffered because of the other's reliance on the undertaking." Whether a

24 duty of care exists is a question of law to be determined on a case-by-case basis. (Parsons v.

25 Crown Disposal Co. (1997) 15 Cal.4th 456, 472.)

26    In their complaint and opposition, the Dohertys argue that a recent California Court of

27 Appeal decision has changed the aforementioned legal landscape regarding duty of a loan

28 servicer to a borrower, citing  Jolley v. Chase Home Fin., LLC, 213 Cal. App. 4th 872, 883, 153

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

– 16 –

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Cal. Rptr. 3d 546, 556 (2013), as  modified on denial of reh'g (Mar. 7, 2013), review filed (Mar. 26, 2013), review denied (May 22,  2013).  In Jolley, the California Court of Appeal first recognized the "general rule" that a  financial institution owes no duty of care to a borrower and noted that this rule has been applied  in the context of loan modification. Id. at 898.  It went on to reason:

> When considered in full context, the cases show the question is not subject to black-and-white  Analysis, and not easily decided on the "general rule." We conclude here, where there was an ongoing  dispute about WaMu's performance of the construction loan contract . . . and where specific representations were made by a Chase representative as to the likelihood of a loan modification, a  cause of action for negligence has been stated that cannot be properly resolved based on lack of duty alone. Jolley, 213 Cal. App. 4th at 898.

Defendants point out that *Jolley* concerned a construction loan where the "relationship between the lender and the borrower is ongoing."  *Jolley*, 213 Cal. App. 4th at 901.  But the *Jolley* court also addressed home loans, stating:

> We note that we deal with a construction loan, not a residential home loan where, *save for possible loan servicing issues*, the relationship ends when the loan is funded.  By contrast, in a construction loan the relationship between lender and borrower is ongoing. *Id*. (emphasis added).   Here, the TPP agreement's "loan servicing issues" were  arguably ongoing.

The court in Jolley, 213 Cal. App. 4th at 905, used the general conception of dual tracking to find a duty of care, quoting from the California Senate floor analysis of AB 278, which ultimately prohibited dual tracking: "'[B]orrowers can find their loss-mitigation options curtailed because of dual-track processes that result in foreclosures even when a borrower has been approved for a loan modification. Dual tracking is commonly known as the practice of negotiating a loan modification while simultaneously foreclosing which is exactly before the court.

The Jolley court went to great lengths, in dictum, to explain the "no-duty rule is only

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

a general rule" and to suggest that a lender may be liable for negligence in its handling of a loan transaction within its traditional role as a lender of money. (Id. at pp. 901-902, citing Ottolini v. Bank of America (N.D.Cal., Aug. 19, 2011, No. C-11-0477 EMC) 2011 U.S.Dist. Lexis 92900, pp. *16-*17.)

The court in Jolley, 213 Cal. App. 4th at 905, used the general conception of dual tracking to find a duty of care, quoting from the California Senate floor analysis of AB 278, which ultimately prohibited dual tracking:

The Defendants' attempt to distinguish *Jolley* on this ground unavailing. This conclusion is supported by a recent unpublished Ninth Circuit case. The Court recognized, in a home mortgage loan servicing case, that "the California courts of appeal appear to be of two minds on the application of that general rule in cases involving offers of loan modifications handled negligently."   *Yau v. Deutsche Bank Nat. Trust Co. Americas*, 525 F. App'x 606, 609 (9th Cir. 2013).   It thus reversed and remanded a district court's denial of a negligence claim on the basis of the general rule.  *Id.*  Although this Court is not bound by this unpublished decision, it supports the contention that Defendants' motion to dismiss on the sole basis of the application of the general rule, without more, should be denied.


In the alternative, Defendants contend that the Dohertys' negligence claims should be dismissed because they "fail to establish a direct causal connection" between Bank of America's purported breach and actual damages.  (Defendant Motion. at 7.)  Defendants assert that the Dohertys do not dispute that they defaulted on their.  (*Id.*)  This argument misses the point.  The Doherty Complaint alleges that Bank of America owed the Dohertys a duty of care as the servicer of their mortgage and it breached that duty by failing to properly review the loan modification application, failed to use the proper values to calculate the NPV to test whether the application passes, and then when presented with the proper and correct values for the NPV test, both defendants simply go silent for over half a year. Not a word, comment, request for additional information or even an acknowledgment that they are still reviewing. Here, the defendants are refusing to communicate honestly and accurately, misreporting their

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

account to credit agencies, failing to use ordinary care in "performing the transactions," failing to monitor and supervise agents and employees, and failing to meet the industry standard of care. (Complaint ¶ 11-52.)

BANA and NATIONSTAR owe Plaintiffs a duty of care to (1) handle his appeal in such a way to prevent foreclosure and forfeiture of his property; (2) allow a process to appeal incorrect NPV inputs; (3) exercise reasonable care and skill in timely and accurately responding to customer requests and inquiries; (4) properly and thoroughly review appeals; (5) stop all foreclosure sales that are unlawful.

In this instance Plaintiffs' appeal was submitted and accepted by BANA.

BANA and NATIONSTAR breached their duty of care by "failing to timely and accurately respond to the appeal," by failing to comply with state consumer protection laws, properly service the loan, and use consistent methods to determine NPV appeals prior to foreclosing, and to stop all foreclosure sales that are unlawful.

Plaintiffs and their counsel have worked to assist both BANA and NATIONSTAR in the appeal process. While Plaintiffs are not demanding that BANA and NATIONSTAR have a duty to offer a loan modification, however BANA and NATIONSTAR does have a duty to properly review the NPV appeal in a timely matter to properly address HBOR laws and to not cause greater harm.

Therefore, Bank of America's breach in properly reviewing the loan modification application is in conjunction to their negligence in performing their duty to properly review and evaluate the plaintiff's loan modification application. That the Dohertys admit they missed loan payments *prior* to the loan modification agreement is irrelevant to whether Bank of America's conduct regarding the loan modification application and appeal breached a duty of care.

///

///

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

8. **DISMISSAL UNDER FED. R. CIV. P. 9(B) WOULD BE IMPROPER BECAUSE ANY DEFICIENCY IN DOHERTY'S 'A PLEADING CAN BE CURED BY AMENDMENT**

Defendant has glossed over the procedural posture of this case mentioned above, namely that BANK OF AMERICA removed this matter here from the Superior Court of California. Yet defendant seeks the extra ordinary remedy of dismissal with prejudice under Fed. R. Civ. P. 9(b), seldom granted even based on far less detailed pleadings that were filed in first filed in State Court and then removes to Federal court on a tenuous claim of a Federal Claim in the first instance, and upon no showing of prejudice. Defendant's motion should be denied if only to permit a compliant amendment of the Amended Complaint pursuant to Fed. R. Civ. P. 15(a) rather dismissing plaintiff's claims outright.

The cases. are clear on this. "[U]nder the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay." Adams v. Gould Inc., 739 F.2d 858, 867-68 (3d Cir.1984). In particular, a party such as Doherty's should be given the opportunity to amend their complaint prior to dismissal" where, as here, a party files their complaint in State court but is thereafter removed by a Defendant to Federal court, thereby triggering the heightened pleadings standards of Rule 9(b). Bartlett v. Frederick County, Maryland, 246 Fed. Appx. 201, 203, No. 06-1615, 2007 WL24S9707, at • 2 ( 4lh Cir. 2007); see American Realty 1'rust, Inc. v. Travelers Cas. and Sur. Co. of America, 62 F.Supp.2d 744, 748 (N.D. Tex .. 2005) (where fraud claim originally drafted for State Court fails to meet the Rule 9(b), dismissal with prejudice not appropriate); see also Blakely v. Wells, 209 Fed. Appx. 18, 20-21, No. 05-4846, 2006 WL 3770840 at •2 (2"" Cir. 2006) (dismissal improper absent a court's notification to party of defects in the complaint or indication that the action would be dismissed with prejudice if those defects were not corrected.) Therefore, in the event the Court were to find that any of Doherty's claims are pled insufficiently, the appropriate relief is that Doherty's be granted leave to amend its pleading.

- 20 -

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CONCLUSION**

Based on the foregoing, and subject to the liberal and favorable inferences mandated by Fed. R. Civ. P. 12(b)(6), it is respectfully submitted that plaintiff has stated claims for Violation of §2923.6,Unfair Business Practices, B&P Code §§17200 et seq., Violation of §1788.17 of RFDCPA, Negligence and that plaintiff should be afforded his day in court. Moreover, it is respectfully submitted that the Complaint has satisfied the pleading requirements of Fed. R.  Civ. P.  9(b) in that plaintiff  has alleged, in  detail, (a) the alleged events, (b)Negligence and Negligent Representations, (c) Statutory Obligations (Complaint ¶¶1-52, (d) by the Defendant speaker, (e) when the statements were made and (f) why the statements/ and representations made were violations of statutes and duties.. *See Hirsch*, 293 F.Supp. 2d at 380-381.  Any allegations as to the defendants actions, representations, duties , intent, knowledge or any other condition of mind" need only be alleged generally. *Id.* For the reasons stated herein, Plaintiff respectfully requests that the Defendant's Motion for Dismissal Pursuant to Fed.R.Civ.P. 12(b)(6) be denied in its entirety.  Alternatively, Plaintiff requests that the court grant leave to amend to plead additional facts in support of his Complaint.


Dated this 21st day of May 2014, in Anaheim, California          /s/ Sanford Parke_____
                                                                                                            Sanford Parke, Attorney for
                                                                                                            Plaintiffs

Plaintiff David & Erin Doherty v Bank of America, et.al
Plaintiffs Opposition to Defendant Bank of America 12(b)6 Motion
**8:14-cv-00653-JVS-(Manx)**

CERTIFICATE OF SERVICE/ PROOF OF SERVICE
DOHERTY V. Nationstar Mortgage, LLC.ET AL.
U.S. District Court, Case No. 8:14-cv-00653-JVS(Man)
[OC Superior Court, Case No. 30-2014-00711760-CO-OR-CJC

     I am employed in the city of Orange in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2390 E. Orangewood, Suite 440, Anaheim, CA 92806.

     **I HEREBY CERTIFY** that on this 21st day of May 2014, a copy of the foregoing:

1.     **PLAINTIFFS OPPOSITION TO  DEFENDANTS FED.R.CIV.P. 12(B)(6)MOTION TO DISMISS.**
was mailed, first class postage prepaid to: Lilia Y. Al-Marhoon Esq.1800 Century Park East, 8th Floor, Los Angeles, CA 90067 T:310-315-8200 / F310-315-8100; Robert Yap, Esq., 725 S, Figueroa St., 38th floor, Los Angeles, Ca 90017, T:213-688-9500 / F:213-627-6342.
**EMAILED TO:**
•Sanford C Parke, patu@parkelawgroup.com, ocattorney@pacbell.net
• Lilia Y. Al-Marhoon Esq, lal-marhoon@mcquirewoods.com

[X]     **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail in Orange, CA. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Anaheim, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     **(BY FACSIMILE)** The fax machine I used complied with CRC Rule 2.301(3). Pursuant to CRC Rules 2.306, I transmitted the foregoing document(s) by facsimile to the party(ies) identified on the attached service list by using the fax number(s) indicated. Said transmission(s) was(were) verified as complete and without error. I printed a copy of the transmission report that was properly issued by the sending fax machine and attached it to the proof of service.

[ ]     **(BY OVERNIGHT DELIVER/COURIER)** I delivered an envelope or package to a courier or driver authorized by the express service carrier; or deposited such envelope or package to a regularly maintained drop box or facility to receive documents by the express service carrier with delivery fees provided for.

[X]     **(BY NOTICE OF ELECTRONIC FILING)** Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was (were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

[ ]     **(BY MESSENGER)** I served the document(s) to the person(s) at the address(es) listed below by providing the document(s) to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*).

[ ]     **(BY PERSONAL SERVICE)** I delivered the foregoing document(s) by hand to the office(s) of the addressee(s).

 **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service is being made.

Date: 21st May 2014     By:               /s/ Sanford Parke
                                      Sanford Parke,  Counsel for Plaintiff

Law Offices of Sanford Parke
2390 E. Orangewood, Suite 440,

CERTIFICATE OF SERVICE/ PROOF OF SERVICE